Jeff R. Dingwall (SBN: 265432)
EIGHT & SAND
110 W. C Street, Suite 1903
San Diego, CA 92101
T: 619-796-3464
F: 619-717-8762
E: jeff@eightandsandlaw.com

Jessica E. Lehr (SBN: 289720)
DIAZ & LEHR
110 W C Street, Suite 1903
San Diego, CA 92101
T: 619-243-0669
F: 619-839-3125
E: jlehr@dlinjurylaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHEERIN SHEMIRAN,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Case No.: '18CV0090 BEN AGS

**ORIGINAL COMPLAINT**

1. This is an action by Plaintiff Sheerin Shemiran ("Plaintiff") against Defendant The United States of America ("Defendant") to recover damages for injuries and for other relief under the Federal Tort Claims Act.

2. Plaintiff Shemiran is, and was at all times material, a resident of San Diego County, State of California.

3. Defendant The United States of America, for all purposes herein, may be served with process by serving: (1) Jefferson B. Sessions, III, Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Avenue, Northwest, Washington, D.C. 20530-0001; and Adam L. Braverman, United States Attorney, Southern District of California, 880 Front Street, Room 6293, San Diego, California 92101-8893.

4. The Notice of Claim was received by the United States Customs and Border Protection Claims Office on June 9, 2017. The United States has not accepted or denied the claim by six months from the date the claim was received.

5. This court has jurisdiction to hear and determine this cause of action pursuant to 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and/or 2671-2680, as this matter falls under the Federal Tort Claims Act.

6. Venue is proper here pursuant to 28 U.S.C. § 1391 because Plaintiff resides here and a substantial portion of the events or omissions giving rise to the claim occurred within this District.

7. On or about July 2, 2015, Plaintiff was operating a van eastbound on Washington Street in the City and County of San Diego. Plaintiff was at a complete stop due to traffic conditions when her vehicle was impacted from the rear by a

United States Customs and Border Patrol SUV. The SUV was being operated by a U.S. Customs and Border Patrol employee while in the course and scope of his employment for the Defendant and in furtherance of the interests of the Defendant.

8. Defendant is liable for the actions of its governmental personnel and employees who were acting in the course and scope of their employment in furtherance of the business interests of the Defendant, The United States of America.

9. On the occasion in question, Defendant's employee failed to stop behind Plaintiff's vehicle and otherwise so negligently, carelessly, and unlawfully drove, maintained, permitted, authorized, entrusted, serviced, controlled, used and operated its automobile so as to proximately cause it to collide with Plaintiff's vehicle and to proximately cause the injuries and damages hereinafter described.

10. At the time and place described herein there was in effect the following California Vehicle Code Section, i.e., 22350 (traveling at a speed greater than is reasonable or prudent), which the Defendant's employee did violate by driving his vehicle at a speed greater than reasonable thereby consequently causing Plaintiff's injuries and damages.

11. Plaintiff was within the class of people California Vehicle Code Section 22350 was intended to protect.

12. At the time of the incident described herein, Defendant and its employee was aware or should have been aware that Plaintiff was driving an automobile and at a speed greater than reasonable or prudent, and Defendant and its employee was aware or should have been aware of the probable risks of serious injuries to others which may result from operating a motor vehicle at a speed greater than reasonable or prudent. Nonetheless, Defendant and its employee proceeded to entrust, permit, ratify, use, operate, and drive a motor vehicle at a speed greater than reasonable and prudent, all violating the rights and safety of others on the roadways, including Plaintiff.

13. As a proximate result of Defendant's negligent and careless actions and inactions, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services for her injuries and damages, and Plaintiff is informed and thereupon alleges, that further services of said nature will be required by Plaintiff for an unpredictable period in the future all to Plaintiff's damage according to proof.

14. By the reason of the negligent and careless conduct of Defendant, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services for her injuries and damages, and Plaintiff is informed and thereupon alleges, that further services of said nature will be required

by Plaintiff for an unpredictable period in the future all to Plaintiff's damage according to proof.

15. By the reason of the negligent and careless conduct of Defendant, Plaintiff has been compelled to incur expenses for medicines, x-rays, and other medical supplies and services, and Plaintiff is informed and believes, and thereupon alleges, that such expenses for medical supplies and services will be incurred in the future, all to Plaintiff's damages according to proof.

16. As a further direct and proximate result of the negligence of Defendant, Plaintiff's vehicle was damaged. Further, Plaintiff was prevented from attending to her usual occupation and thereby lost earnings and will lose future earnings in an amount to be determined according to proof.

17. Each of these acts and omissions, singularly or in combination with others, constitute negligence and negligence *per se* which proximately caused the occurrence made the basis of this action for the injuries and damages to the Plaintiff.

WHEREFORE, Plaintiff prays for judgment against Defendant to recover the following damages:

a. Physical pain and mental anguish in the past and future;

b. Lost earnings in the past and loss of future earning capacity;

c. Physical impairment in the past and future;

d. Physical disfigurement in the past and future;





e. Medical expenses in the past and future;

f. Pre-judgment and post-judgment interest;

g. For costs of suit incurred;

h. For such other and further relief as the Court may deem proper.

Dated this 16th day of January 2018.

*s/Jeff R. Dingwall*
Jeff R. Dingwall
Jessica E. Lehr
Attorneys for Plaintiff